## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAUL MCDONALD | : |
| Plaintiff | : |
| v | :   Civil Action No. PJM-04-4035 |
| WARDEN RODRICK R. SOWERS, and M. STAUFFER | : |
| | : |
| Defendants | |

. . . . .o0o. . . . .

## **MEMORANDUM**

This civil rights action alleges excessive use of force in violation of the Eighth Amendment. Now pending is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 13. Plaintiff has filed a response to the motion, and has also filed a Motion for Appointment of Counsel. Papers No. 16 and 17. Upon review of the papers filed, this Court finds that a hearing in this matter is unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, Defendants' motion, construed as a Motion for Summary Judgment, will be granted and Plaintiff's Motion for Appointment of Counsel shall be denied.

**Background**

Plaintiff alleges that on November 6, 2004, several officers[1] entered his cell. He claims that during a confrontation, Officer Stauffer grabbed him by his throat, cutting off his air supply. Paper No. 1. After the assault, Plaintiff claims that Officer Stauffer threatened to kill him if he reported the incident. *Id*. Plaintiff further alleges that the assault exacerbated his existing disability by causing him increased pain in his back,

---

[1] In addition to Officer Stauffer, Plaintiff claims that Officers T. Hinckle, Hawk and "several other officers" entered his cell. The only officer who is a party to this action is Stauffer.

neck, shoulders and back of the head. *Id*.   He also states that he suffers headaches and nosebleeds as a result of the assault. *Id*.

Plaintiff further alleges that he was assaulted a second time on the same day by Officer Stauffer, and that the assault took place while Plaintiff's hands were cuffed behind his back.  He claims he was removed from his cell and placed in a segregation unit cell.  Upon arrival in the cell, Plaintiff alleges that Officer Stauffer told Plaintiff's cell mate that he should "finish the job" and he would be "taken care of." *Id*.  In the aftermath of these alleged assaults, Plaintiff claims that his legal papers have been removed from his cell; that he has been placed in a "stripped cell"; and that he has been continually verbally harassed. *Id*.

Defendants have submitted, as exhibits, certified copies of Plaintiff's institutional base file and his medical records.  Paper No. 13 at Ex. 2– 4.  Based on those documents Defendants assert that Plaintiff's claims are false. *Id*. at p. 6.  Specifically, they allege that there is no objective evidence of an injury to Plaintiff caused by the alleged assault. *Id*.  Defendants cite Plaintiff's notice of institutional infraction where he was found guilty of threatening to kill Officer Stauffer as further evidence that Plaintiff's claim is not credible. *Id*.  Among the documents submitted from Plaintiff's base file are Administrative Remedy Procedure forms filed by Plaintiff claiming, among other things, that Officer Stauffer is his illegitimate son; that Officer Stauffer is plotting to kill him; and that the words attributed to him in the notice of infraction charging him with threatening to kill Officer Stauffer were actually the words uttered by Officer Stauffer. *Id*. at Ex. 2, pp. 3–5.

In Plaintiff's unverified response to the Motion for Summary Judgment, he admits claiming that Officer Stauffer is his illegitimate son and he admits to using insolent and disrespectful language in his dealings with Defendant.  Paper No. 17.  Plaintiff re-states his allegation that his life has been threatened

2

by Officer Stauffer through reference to the death of an inmate in Cumberland, Maryland. *Id*. Plaintiff claims, however, that he did not actually hear the threat, but his cell mate heard it and repeated same to him. *Id*.

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477

U.S. at 256.

**Analysis**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U. S. 312, 321 (1986).

Choking an inmate until he is breathless is, without doubt, an impermissible use of force absent some extraordinary circumstance not alleged here. The notion, however, that such an act occurred and this Plaintiff did not immediately report it is incredible. Plaintiff has no apparent compunction to withhold any criticism or report of any untoward behavior to appropriate prison officials.[2] Notwithstanding that factor, Plaintiff has utterly failed to forecast evidence supportive of his claim that he was assaulted or injured, although he claims that other inmates witnessed the assault. An investigation conducted by Lt. Nuckels shortly after the alleged assault included an interview of Plaintiff's cell mate, who stated that there was no truth to the allegations. This Court has received no evidence indicating that there is contrary testimony available. In addition, medical records prepared shortly after the alleged assault reflect that Plaintiff had no injuries.

---

[2] Though Plaintiff claims he is not capable of presenting his claims to this court without the assistance of counsel, the pleadings filed thus far, as well as certain exhibits presented by Defendants, prove otherwise. Plaintiff does not allege that he is illiterate or that he otherwise suffers some disability that prohibits him from presenting a written account of his claims.

4

To the extent that Plaintiff's Complaint raises an allegation that he has been denied access to courts through deprivation of unspecified "legal documents," the claim fails, as it does not allege an "'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis v. Casey*, 518 U. S. 343, 355 (1996).

Likewise, Plaintiff's claim regarding conditions of confinement does not rise to the level of deprivation prohibited by the Eighth Amendment and must be dismissed. *See Rhodes v. Chapman*, 452 U. S. 337, 347 (1981) (only conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment). While the allegation raised by Plaintiff regarding his placement in a "stripped cell" may amount to restrictive or harsh treatment, it is within the realm of expectation for prison confinement. *Id*. This is particularly true where, as here, a verbal threat was made to a correctional officer.

Having found no genuine dispute of material fact justifying a trial on the merits in this case, Defendants' Motion for Summary Judgment shall be granted by separate Order which follows.

|  |  |
|---|---|
| 6/20/05 | /s/ |
| Date | PETER J. MESSITTE |
|  | UNITED STATES DISTRICT JUDGE |